UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/17/2021

CHAD S. JOHNSON,

                                        Plaintiff,

        -against-

DEPARTMENT OF CORRECTIONS;
DOWNSTATE CORRECTIONAL FACILITY;
WARDEN OF DOWNSTATE
CORRECTIONAL FACILTY; DEPUTY OF
SECURITY; SERGEANT S. PETRIE; LT.
KAILVETTI; OFFICER D. ALLEN; JOHN
DOE 1; JOHN DOE 2; JOHN DOES 3-6,

                                        Defendants.

21-CV-0986 (VB)

ORDER OF SERVICE

VINCENT L. BRICCETTI, United States District Judge:

        Plaintiff, currently incarcerated at Great Meadow Correctional Facility in the custody of

the New York State Department of Corrections and Community Supervision (DOCCS), brings

this *pro se* action under 42 U.S.C. § 1983. By order dated March 16, 2021, the Court granted

Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma*

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis. See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject

matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

**A.      Claims against DOCCS and Downstate Correctional Facility**

"[A]s a general rule, state governments may not be sued in federal court unless they have

waived their Eleventh Amendment immunity, or unless Congress has abrogated the states'

Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).

"The immunity recognized by the Eleventh Amendment extends beyond the states themselves to

state agents and state instrumentalities that are, effectively, arms of a state." *Id.* New York has not

waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate

the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park

Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977).

Plaintiff names New York State DOCCS and one of the facilities that it operates,

Downstate Correctional Facility, as defendants in this action. DOCCS is an arm of the state

entitled to Eleventh Amendment immunity, and therefore plaintiff's § 1983 claims against

DOCCS and Downstate are barred by the Eleventh Amendment and are dismissed.[2] The Clerk is

instructed to terminate defendants Department of Corrections and Downstate Correctional

Facility.

---

[2] Downstate Correctional Facility also lacks the capacity to be sued in the name of the
facility. Moreover, as state entities, neither DOCCS nor Downstate Correctional Facility is a
"person" for purposes of a § 1983 claim. *See generally Will v. Mich. Dep't of State Police*, 491
U.S. 58 (1989) (holding that a state agency is not a "person" for the purpose of § 1983 liability).

B.     **Service on Named Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to

serve if the plaintiff is authorized to proceed IFP)).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the

summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is

proceeding IFP and could not have served the summons and complaint until the Court reviewed

the complaint and ordered that a summons be issued. The Court therefore extends the time to

serve until 90 days after the date the summons is issued. If the complaint is not served within that

time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d

56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of

time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the

[plaintiff proceeding IFP] provides the information necessary to identify the defendant, the

Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time

within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Correction Officer D. Allen, Sergeant

S. Petrie, Lieutenant Kailvetti, the Warden of Downstate Correctional Facility, and the Deputy of

Security through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S.

Marshals Service Process Receipt and Return form ("USM-285 form") for each of these

defendants. The Clerk of Court is further instructed to issue a summons and deliver to the

Marshals Service all the paperwork necessary for the Marshals Service to effect service upon

these defendants.

3

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**C.     John Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff may supply sufficient information to permit DOCCS to identify Correction Officer "John Doe" #1, who was involved in the discovery of contraband in Plaintiff's cell at Downstate in September 2018. Plaintiff may also supply sufficient information to permit DOCCS to identify Correction Officers "John Doe" # 2-4, who packed Plaintiff's belongings when he was transferred out of Downstate in January 2021.

It is therefore ordered that the New York State Attorney General, who is the attorney for and agent of DOCCS, shall ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the address where each may be served. The New York State Attorney General shall provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form for Plaintiff to complete after receiving this information is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver to the U.S. Marshals Service all documents necessary to effect service.

4

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package. The Court dismisses Plaintiff's claims against Downstate Correctional Facility, and DOCCS, sued herein as "the Department of Corrections." *See* 28 U.S.C. § 1915(e)(2)(B)(iii)

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Defendants Allen, Petrie, Kailvetti, and the Downstate Warden and Deputy of Security and deliver to the U.S. Marshals Service all documents necessary to effect service on these Defendants.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York State Attorney General at: 28 Liberty Street, New York, NY 10005. An "Amended Complaint" form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     March 17, 2021
        White Plains, New York

                                        VINCENT L. BRICCETTI
                                        United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.    Correction Officer D. Allen
      Downstate Correctional Facility
      121 Red Schoolhouse Rd
      Fishkill, NY 12524

2.    Lieutenant Kailvetti
      Downstate Correctional Facility
      121 Red Schoolhouse Rd
      Fishkill, NY 12524

3.    Sergeant S. Petrie
      Downstate Correctional Facility
      121 Red Schoolhouse Rd
      Fishkill, NY 12524

4.    Warden
      Downstate Correctional Facility
      121 Red Schoolhouse Rd
      Fishkill, NY 12524

5.    Deputy of Security
      Downstate Correctional Facility
      121 Red Schoolhouse Rd
      Fishkill, NY 12524

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

_____CV_____
(Include case number if one has been
assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                       (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name          Middle Initial      Last Name

_____

Street Address

_____

County, City                   State         Zip Code

_____    _____

Telephone Number          Email Address (if available)

Page 3

**B.  Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State              Zip Code

Defendant 2:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State              Zip Code

Defendant 3:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                        State              Zip Code

Defendant 4: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | | Plaintiff's Signature |
| --- | --- | --- |
| First Name | Middle Initial | Last Name |
| Street Address | | |
| County, City | State | Zip Code |
| Telephone Number | | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.