Copies Mailed/Faxed
Chambers of Vincent L. Briccetti

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
CHAD S. JOHNSON,
                Plaintiff,

v.

SUPERINTENDENT ROBERT MORTON;
EDWARD BURNETT, Deputy of Security;
SERGEANT S. PETRIE; LT. KAILVETTI;
OFFICER D. ALLEN; CORRECTION
OFFICER MASON HAMILTON;
CORRECTION OFFICER TRAVIS SMALL;
CORRECTION OFFICER JAMES MAKEL;
and JOHN DOE 4,
                Defendants.
--------------------------------------------------------------x

**THIRD AMENDED ORDER OF SERVICE**

21 CV 986 (VB)

    Plaintiff, proceeding pro se and in forma pauperis, brings claims under 42 U.S.C. § 1983 for violations of his constitutional rights.

    On March 17, 2021, the Court issued an Order of Service ordering the Office of the New York State Attorney General ("NYAG") to ascertain the identity and address of several John or Jane Doe defendants, including a "John Doe 4," who allegedly conducted a search of plaintiff's cell and packed his belongings when he was transferred out of Downstate Correctional Facility to Great Meadows Correctional Facility in January 2021. (Doc. #12). The Court ordered that within thirty days of receiving this information, plaintiff must file an amended complaint naming the John or Jane Doe defendants. (Id.).

    On May 31, 2021, NYAG wrote a letter to the Court and plaintiff providing the names and addresses of three "John Doe" defendants, but stated it needed additional information to identify defendant "John Doe 4." (Doc. #21). On June 1, 2021, the Court issued a Second Amended Order of Service which, among other things, directed plaintiff to provide additional

1

information about the identity of "John Doe 4." (Doc. #22). The Court also extended NYAG's deadline to comply with the Court's March 17, 2021 Order to July 16, 2021.

And, on July 16, 2021, NYAG wrote a letter to the Court identifying "John Doe 4" as Correction Officer Raymond Ortiz. (Doc. #26).

Accordingly, it is HEREBY ORDERED that by **August 23, 2021**, plaintiff shall file an amended complaint naming the identified defendants who were formerly "John Does." The amended complaint will **completely replace** the existing complaint. Therefore, plaintiff must include in the amended complaint **all** information necessary to support his claims.

The Court will direct the Clerk to replace defendant "John Doe 4" on the docket with "Correction Officer Raymond Ortiz."

In addition, to allow plaintiff to effect service on defendant Raymond Ortiz through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for defendant Raymond Ortiz. The Clerk of Court is further instructed to issue a summons listing defendant Raymond Ortiz and deliver to the Marshals Service all paperwork necessary for the Marshals Service to effect service upon defendant Raymond Ortiz. The service address for this defendant is appended to this Order.

It is plaintiff's responsibility to ensure that service is made within 90 days of the date the summons is issued and, if necessary, to request an extension of time for service. See Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012). Plaintiff also must notify the Court in writing if plaintiff's address changes, and the Court may dismiss the action if he fails to do so.

## CONCLUSION

Plaintiff is directed to file an amended complaint naming **all** of the previously unidentified defendants by **August 23, 2021**.

The Clerk is directed to terminate "John Doe 4" as a defendant from the docket and to add to the docket defendant "Correction Officer Raymond Ortiz."

The Court directs the Clerk of Court to complete the USM-285 form with the address for the listed defendant and deliver all documents necessary to effect service on defendant Raymond Ortiz to the U.S. Marshals Service.

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: July 19, 2021
White Plains, NY

SO ORDERED:

*[signature]*

Vincent L. Briccetti
United States District Judge

APPENDIX

1) Correction Officer Raymond Ortiz
   Downstate Correctional Facility
   121 Red Schoolhouse Road, P.O. Box 445
   Fishkill, NY 12524