UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
CHAD S. JOHNSON,                                            :
                                                           :     Case No. 21-CV-986 (VB)
                                        Plaintiff,         :
                                                           :
                        - against -                        :
                                                           :
SUPERINTENDENT ROBERT MORTON, et al.                       :
                                                           :
                                        Defendants.        :
------------------------------------------------------------- X


## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT


LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*
28 Liberty Street
New York, New York 10005
(212) 416-8591 / 8653


JOHN R. DORAN
Assistant Attorney General
    *of Counsel*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES..................................................................................ii

PRELIMINARY STATEMENT........................................................................ 1

STATEMENT OF THE ALLEGATIONS.................................................... 2

STANDARD OF REVIEW ............................................................................. 3

ARGUMENT .................................................................................................... 4

POINT I       PLAINTIFF HAS FAILED TO PLEAD THE PERSONAL INVOLVEMENT OF FORMER SUPERINTENDENT MORTON, FORMER DEPUTY SUPERINTENDENT BURNETT, LT CALVITTI, AND OFFICERS HAMILTON, MAKEL, ORTIZ, AND SMALL ...................................................... 4

    A.    Plaintiff Has failed to Allege the Personal Involvement of former Superintendent Morton and former Deputy Superintendent Burnett..................................................4

    B.    Plaintiff Has failed to Allege the Personal Involvement of Lt Calvitti...................6

    C.    Plaintiff Has Failed to Allege the Personal Involvement of Officer Hamilton........8

    D.    Plaintiff Has Failed to Allege the Personal Involvement of Officers Makel, Ortiz, and Small ......................................................................................................9

POINT II     PLAINTIFF FAILS TO ALLEGE ANY CLAIM AGAINST OFFICER ALLEN OR SGT PETRIE....................................................................................10

    A.    Plaintiff Has Failed to Allege Any Eighth Amendment Violation .......................10

    B.    Plaintiff has Failed to allege Any Conspiracy or Retaliation Claim Against Officer Allen or Sgt Petrie.......................................................................................12

    C.    Plaintiff has Failed to allege Any Other Claim Against Officer Allen or Sgt Petrie ......................................................................................................................15

POINT III    DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY ....................16

CONCLUSION................................................................................................17

i

# TABLE OF AUTHORITIES

**CASES**                                               **Page(s)**

*Amiron Dev. Corp. v. Sytner,*
No. 12-CV-3036 JS ETB, 2013 WL 1332725 (E.D.N.Y. Mar. 29, 2013) ...............................9

*Arce v. Walker,*
139 F.3d 329 (2d Cir. 1998).........................................................................................8

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) .......................................................................................... passim

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)...................................................................................... 3-4

*Bertuglia v. City of New York,*
839 F. Supp. 2d 703 (S.D.N.Y. 2012)..........................................................8, 13

*Blyden v. Mancusi,*
186 F.3d 252 (2d Cir.1999).......................................................................... 7-8

*Boddie v. Schnieder,*
105 F.3d 857 (2d Cir. 1997)........................................................................ 13-14

*Brooks v. Prack,*
77 F. Supp. 3d 301 (W.D.N.Y. 2014) ..............................................................7

*Ciambriello v. County of Nassau,*
292 F.3d 307 (2d Cir. 2002)................................................................. 8, 12-13

*Cooper v. City of New York,*
No. 17 Civ. 1517(NGG)(RLM), 2019 WL 3642996 (E.D.N.Y. August 5, 2019)...................5

*Cotz v. Mastroeni,*
476 F. Supp. 2d 332 (S.D.N.Y. 2007)............................................................11

*County of Sacramento v. Lewis,*
523 U.S. 833 (1998)........................................................................................16

*Cowan v. Breen,*
352 F.3d 756 (2d Cir. 2003)..........................................................................16

*Davis v. New York,*
311 Fed. App'x. 397 (2d Cir. 2009)........................................................... 9-10

*Dolan v. Connolly,*
794 F.3d 290 (2d Cir. 2015)..........................................................................14

*Dorsey v. Fisher,*
    468 F. App'x 25 (2d Cir. 2012) ................................................................14

*Edwards v. Annucci,*
    No. 17 CV 5018 (VB), 2019 WL 1284295 (S.D.N.Y. Mar. 20, 2019) ................................ 5-6

*Gallop v. Cheney,*
    642 F.3d 364 (2d Cir. 2011) ................................................................12

*Genier v. Vanarnum,*
    No. 13-CV-1460, 2016 WL 4507456 (N.D.N.Y. June 20, 2016)..........................15

*Gill v. Pidlypchak,*
    389 F.3d 379 (2d Cir. 2004) ................................................................14

*Graham v. Peters,*
    No. 13-CV-705 (JTC), 2013 WL 5924727 (W.D.N.Y. Oct. 31, 2013) ................................13

*Grullon v. City of New Haven,*
    720 F.3d 133 (2d Cir. 2013) ................................................................4

*Guillory v. Haywood,*
    No. 9:13-cv-01564, 2015 WL 268933 (N.D.N.Y. Jan. 21, 2015) ........................ 5-6

*Hathaway v. Coughlin,*
    99 F.3d 550 (2d Cir. 1996) ................................................................11

*Hernandez v. Keane,*
    341 F.3d 137 (2d Cir. 2003) ................................................................5

*Hudson v. McMillan,*
    503 U.S. 1 (1992) ................................................................ 10-11

*Hudson v. Palmer,*
    486 U.S. 517 (1984) ................................................................10

*Hynes v. Squillance,*
    143 F.3d 653 (2d Cir. 1998) ................................................................8

*Jackson v. County of Rockland,*
    450 Fed. Appx. 15 (2d Cir. 2011) ................................................................3

*Jackson v. Onondaga Cnty.,*
    549 F.Supp.2d 204 (N.D.N.Y. 2008) ................................................................14

*K.D. v. White Plains Sch. Dist.,*
    921 F. Supp. 2d 197 (S.D.N.Y. 2013) ................................................................12

*Lewis v. Havernack,*
    No. 12 Civ. 31, 2013 WL 1294606 (N.D.N.Y. Mar. 28, 2013), *report and*
    *recommendation adopted*, 2013 WL 1294592 (N.D.N.Y. Mar. 28, 2013)...........................15

*Little v. City of New York,*
    487 F. Supp. 2d 426 (S.D.N.Y. 2007)......................................................................9

*Myers v. Moore,*
    326 F.R.D. 50 (S.D.N.Y. 2018) ...............................................................................9

*Palmer v. Richards*,
    364 F.3d 60 (2d Cir. 2004)......................................................................................8

*Pearson v. Callahan,*
    555 U.S. 223 (2009)...............................................................................................16

*Rasheen v. Adner,*
    356 F.Supp.3d 222 (N.D.N.Y. 2019) ....................................................................15

*Richard v. Fischer,*
    38 F.Supp.3d 340 (W.D.N.Y. 2014) ................................................................. 12-13

*Sandin v. Conner,*
    515 U.S. 472 (1995)................................................................................................8

*Saucier v. Katz,*
    533 U.S. 194 (2001)...............................................................................................16

*Sira v. Morton,*
    380 F.3d 57 (2d Cir. 2004).......................................................................................6

*Spavone v. DOCCS,*
    719 F.3d 127 (2d Cir 2013)....................................................................................16

*Tangreti v. Bachmann,*
    983 F.3d 609 (2d Cir. 2020).................................................................................5-6

*Tellier v. Fields,*
    280 F.3d 69 (2d Cir. 2000)....................................................................................15

*Terranova v. N.Y. State Dep't of Corrs. & Comm. Supervision,*
    268 F. Supp. 3d 453 (W.D.N.Y. Aug. 3, 2017) ....................................................16

*Thomas v. Roach,*
    165 F.3d 137 (2d Cir. 1999)...................................................................................12

*Turkmen v. Hasty,*
    789 F.3d 218 (2d Cir. 2015)........................................................................................7

*Walker v. Schult,*
    717 F.3d 119 (2d Cir. 2013)........................................................................................7

*Wallace v. Fisher,*
    9:13-CV-1208, 2015 WL 64533 (N.D.N.Y. Jan. 5, 2015) ....................................14

*Willey v. Kirkpatrick,*
    801 F.3d 51 (2d Cir. 2015)........................................................................................13

*Wolff v. McDonnell,*
    418 U.S. 539 (1974)....................................................................................................6

*Wright v. Goord,*
    554 F.3d 255 (2d Cir. 2009)................................................................................ 10-11

*Ziglar v. Abbasi,*
    137 S. Ct. 1843 (2017)................................................................................................7

**FEDERAL STATUTES**

*42 U.S.C. § 1983* ........................................................................................ passim

**FEDERAL RULES OF CIVIL PROCEDURE**

Rule 12(b)(6)................................................................................................ passim

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
CHAD S. JOHNSON,                           :
                                           :      Case No. 21-CV-986 (VB)
                         Plaintiff,        :
                                           :
              - against -                  :
                                           :
SUPERINTENDENT ROBERT MORTON, et al.       :
                                           :
                         Defendants.       :
------------------------------------------------------------- X

## PRELIMINARY STATEMENT

Defendants former Superintendent of Downstate Correctional Facility ("Downstate") Robert Morton, former Deputy Superintendent of Security for Downstate Edward Burnett, Lieutenant ("Lt") Chris Calvitti[1], Sergeant ("Sgt") Stephan Petrie, and Officers Duran Allen, Mason Hamilton, James Makel, Raymond Ortiz, and Travis Small (collectively "Defendants"), all current and former employees of the New York State Department of Corrections and Community Supervision ("DOCCS"), by their attorney, Letitia James, Attorney General of the State of New York, respectfully submit this memorandum of law in support of their motion to dismiss the Amended Complaint ("AC"), *Dkt. No. 29*, pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff, Chad Johnson, brings this *42 U.S.C. § 1983* action, alleging that he was forced to sell drugs by Sgt Petrie and Officer Allen. *See AC generally*. When Plaintiff began refusing to do so, Sgt Petrie and Officer Allen purportedly conspired together, and Sgt Petrie issued Plaintiff a false misbehavior report. *Id*. Plaintiff further claims that Sgt Petrie also conspired with Officer Hamilton, Lt Calvitti violated Plaintiff's unspecified rights at a disciplinary hearing, Plaintiff's unspecified legal papers were lost and/or destroyed, and that former Superintendent Morton and former Deputy Superintendent Burnett failed to supervise unspecified DOCCS staff. For the

---

[1] Sued herein as "Kailvetti".

1

reasons discussed below, however, it is respectfully requested that the Court: (1) dismiss all claims against former Superintendent Morton, former Deputy Superintendent Burnett, Lt Calvitti, and Officers Hamilton, Makel, Ortiz, and Small as Plaintiff has failed to plead their personal involvement in any constitutional violation, (2) dismiss all claims against Officer Allen and Sgt Petrie pursuant to Fed. R. Civ. P. 12(b)(6), as Plaintiff has failed to state any claim against them, (3) dismiss any remaining claims against the Defendants as they are entitled to qualified immunity, and (4) for such other and further relief as this Court deems just and proper.

## STATEMENT OF THE ALLEGATIONS[2]

*Pro se* Plaintiff, at all times mentioned herein, is an incarcerated individual at Eastern Correctional Facility. *AC pg 4.*[3] Sometime in 2019, while Plaintiff was incarcerated at Downstate, he claims that Sgt Petrie purportedly forced him to take a cellphone, sell unspecified drugs, "and send payments to a[ ] Bitcoin account". *Id. pg 8.* Sometime thereafter, Plaintiff claims that Sgt Petrie conspired with Officer Hamilton, resulting in Officer Hamilton placing contraband in Plaintiff's cell, which caused Plaintiff to be placed into keeplock. *Id.* Following Plaintiff's confinement, Plaintiff claims that Lt Calvitti presided over his disciplinary hearing. *Id.* During this hearing, Lt Calvitti purportedly informed the Plaintiff that "someone called on [Plaintiff's] behalf so I'm [referring to Lt Calvitti] willing to give you [referring to Plaintiff] time served". *Id.* Plaintiff further claims that Lt Calvitti then informed the Plaintiff what to say on the record. *Id.* Sometime thereafter, Sgt Petrie purportedly threatened to send Plaintiff "further up north" if Plaintiff did not take the cellphone and sell the unspecified drugs. *Id.*

Sometime in 2020, Officer Allen allegedly informed the Plaintiff that he was aware of the

---

[2] The facts in Plaintiff's AC are recounted herein for purposes of this Motion only, without conceding their accuracy or plausibility. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[3] Reference to any AC page numbers are references to the pages as they appear on the ECF Docket, *Dkt. No. 29.* An ECF paginated copy of the AC will be provided to Plaintiff with the moving papers.

cellphone and drug sales, *AC pg 9*, and began telling Plaintiff that he had to sell drugs for him as well. *Id.*

On January 9, 2021, Plaintiff claims he refused to sell the unspecified drugs resulting in Plaintiff being placed into a solitary housing unit ("SHU"). *AC pg 11*. While in SHU, Plaintiff claims he received a false misbehavior report, by Sgt Petrie, for possessing the cellphone purportedly given to him by Sgt Petrie. *Id. pg 11-12*.

Sometime thereafter, Plaintiff was transferred to another facility but claims Officers Makel, Ortiz, and Small purportedly threw away and/or destroyed his unspecified legal papers which purportedly included unspecified "pre-trial/trial transcripts". *AC pg 12*. Plaintiff also claims that former Superintendent Morton and former Deputy Superintendent Burnett failed to supervise unspecified DOCCS staff. *Id. pg 13*.

## STANDARD OF REVIEW

While a *pro se* plaintiff's pleading must be "construe[d]…liberally", the complaint must allege more than "merely conclusory allegations masquerading as factual conclusions" in order to defeat a motion to dismiss. *Jackson v. County of Rockland*, 450 Fed. Appx. 15, 18, 19 (2d Cir. 2011). The Court need not accept allegations that lack factual foundation or are bare conclusions of the law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (the complaint is inadequate if it merely "'offers labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Therefore, in order to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The

pleading requirements under Fed. R. Civ. P. 8 "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* "[A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Where a plaintiff has failed to "nudge[ his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

## ARGUMENT

## POINT I

## PLAINTIFF HAS FAILED TO PLEAD THE PERSONAL INVOLVEMENT OF FORMER SUPERINTENDENT MORTON, FORMER DEPUTY SUPERINTENDENT BURNETT, LT CALVITTI, AND OFFICERS HAMILTON, MAKEL, ORTIZ, AND SMALL

"It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show… the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). In this matter, Plaintiff has failed to allege the personal involvement of former Superintendent Morton, former Deputy Superintendent Burnett, Lt Calvitti, and Officers Hamilton, Makel, Ortiz, and Small because Plaintiff has only alleged conclusory allegations that fail to establish any claim against these individuals. Accordingly, these individuals should be dismissed for their lack of personal involvement in this matter. They should also be dismissed for the reason set forth below.

**A.  Plaintiff Has failed to Allege the Personal Involvement of former Superintendent Morton and former Deputy Superintendent Burnett.**

Plaintiff's claims against former Superintendent Morton and former Deputy Superintendent Burnett must be dismissed because they rest solely on the theory that these individuals failed to use their positions as supervisors to "properly supervise [unspecified DOCCS]

4

staff". *See AC pg 13.* Such allegations cannot survive this motion because supervisory officials may not be held liable merely because they held a position of authority. *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (holding "there is no special rule for supervisory liability"); *Hernandez v. Keane*, 341 F.3d 137, 144-45 (2d Cir. 2003) (claim cannot be based on supervisory capacity alone); *see also Edwards v. Annucci*, No. 17 CV 5018 (VB), 2019 WL 1284295, at *6 (S.D.N.Y. Mar. 20, 2019) (holding "The bare fact that [a defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [a] claim.") (alterations in original and citations omitted). "'Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution,'" *Tangreti*, 983 F.3d at 618 (citing *Iqbal*, 556 U.S. at 676).

Here, Plaintiff's claims against former Superintendent Morton and former Deputy Superintendent Burnett fail because Plaintiff has not plead how each individual's actions has violated the Constitution. *See Tangreti*, 983 F.3d at 618. Moreover, the claim against these two appears to rely upon impermissible "group pleadings" which does not establish their personal involvement because it fails to give each defendant notice of how they personally violated Plaintiff's Constitutional rights. See *Cooper v. City of New York*, No. 17 Civ. 1517 (NGG)(RLM), 2019 WL 3642996, at *7 (E.D.N.Y. August 5, 2019) (dismissing defendants where plaintiff relied upon group pleading; court held group pleadings fail to establish the personal involvement of each defendant).

Further, and although the AC references other cellphone incidents, there are no factual allegations regarding those purported incidents that could plausibly infer that either former Superintendent Morton or former Deputy Superintendent Burnett were aware of such incidents and failed to take any corrective actions. *See Guillory v. Haywood*, No. 9:13-cv-01564, 2015 WL

268933, at *20 (N.D.N.Y. Jan. 21, 2015) ("Vague and conclusory claims that [defendant], as a supervisory official, has failed to provide proper training and supervision or created a policy, without facts showing personal involvement, are legally insufficient to state a claim"). As such, it is clear that the claim against former Superintendent Morton and former Deputy Superintendent Burnett rests solely on a theory of supervisory liability, which such theory has been previously rejected by this Court and the Second Circuit as a means to establish the personal involvement of a defendant. *See Edwards*, 2019 WL 1284295 at *6; *see also Tangreti*, 983 F.3d at 618.

Accordingly, former Superintendent Morton and former Deputy Superintendent Burnett should be dismissed from this matter for lack of personal involvement.

**B.  Plaintiff Has failed to Allege the Personal Involvement of Lt Calvitti.**

Plaintiff's allegations against Lt Calvitti are that he presided over Plaintiff's disciplinary hearing following Plaintiff's placement into Keeplock. *See AC pg 8*. Plaintiff further alleges that while at the hearing, Lt Calvitti sentenced him to time served and purportedly told Plaintiff what to say on the record. *Id.* These allegations fail to establish the personal involvement of Lt Calvitti because they are conclusory and precisely the type of naked assertions "devoid of further factual enhancement" that cannot survive this motion. *See Iqbal*, 556 U.S. at 678. Indeed, there are no allegations regarding what rights Lt Calvitti purportedly violated at the disciplinary hearing or how Plaintiff's confinement was in violation of the Constitution.

As explained by the Second Circuit, incarcerated individuals are not entitled to the "'the full panoply of rights' due to a defendant in a criminal prosecution" at a disciplinary hearing. *See Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974). Instead, the Constitution only requires that incarcerated individuals receive "advance written notice of the charges against [them]; a hearing affording [them] a reasonable opportunity to call

witnesses and present documentary evidence; a fair and impartial hearing officer, and a written statement of the disposition; including the evidence relied upon and the reasons for the disciplinary actions taken." *Id.*

In this matter, Plaintiff has failed to allege what right, if any, was violated at his hearing, and as such, Plaintiff cannot maintain any due process violation against Lt Calvitti. To the extent the AC may be liberally interrupted as having alleged that Lt Calvitti was not impartial because he purportedly said, "someone called on [Plaintiff's] behalf" and that he would sentence Plaintiff to time serve or that he informed the Plaintiff what to say on the record, such claims are conclusory, devoid of any factual allegations, and should be dismissed accordingly. *See Brooks v. Prack*, 77 F. Supp. 3d 301, 316-17 (W.D.N.Y. 2014) (plaintiff's allegations that his hearing officer was not fair or impartial were "conclusory and subjective" and failed to support a claim that he was deprived of an impartial hearing officer).

Additionally, and although unclear from the face of the AC, to the extent Plaintiff is alleging that Lt Calvitti, or any defendant for that matter, was personally involved in this matter because Plaintiff spent two-days in keeplock, this claim also fails to establish any Defendants' personal involvement because Plaintiff has not alleged any condition, regarding his confinement, which posed any unreasonable risk of serious damage to his health that was known and disregarded by the Defendants. *See Turkmen v. Hasty,* 789 F.3d 218, 250 (2d Cir. 2015) (holding a plaintiff must "plausibly plead that the conditions were sufficiently serious, and [the defendants] 'kn[e]w of, and disregard[ed], an excessive risk to inmate health or safety.'") (quoting *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013)) *judgment rev'd in part, vacated in part sub nom. Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017); *see also Blyden v. Mancusi*, 186 F.3d 252, 263 (2d Cir.199) (holding "society does not expect or intend prison conditions to be comfortable, only extreme

deprivations are sufficient to sustain a 'conditions-of-confinement' claim.") (citations omitted). Moreover, Plaintiff also has not alleged that any of the Defendants were capable of removing him from keeplock even if such a condition had been alleged.

Further, and to the extent Plaintiff is also claiming that Lt Calvitti violated his rights because Plaintiff's two-day confinement was part of Lt Calvitti's disposition, it is well established that disciplinary confinements under thirty-days, without more, do not result in a due process violation. *See Palmer v. Richards*, 364 F.3d 60 (2d Cir. 2004); *Hynes v. Squillance*, 143 F.3d 653, 658-59 (2d Cir. 1998) (21 days in keeplock); *Arce v. Walker*, 139 F.3d 329, 335-36 (2d Cir. 1998) ("combined effects of [the plaintiff's 18] day segregation plus exercise deprivation and verbal harassment" did not distinguish plaintiff's circumstances from *Sandin*).

Accordingly, Plaintiff has failed to allege the personal involvement of Lt Calvitti and Lt Calvitti should be dismissed from this matter.

## C. Plaintiff Has Failed to Allege the Personal Involvement of Officer Hamilton.

Plaintiff claims that Officer Hamilton conspired with Sgt Petrie by placing contraband inside his cell in an effort to force the Plaintiff into selling Sgt Petrie's unspecified drugs. *AC pg 8*. This claim fails to establish the personal involvement of Officer Hamilton because this allegation is conclusory and devoid of any factual enhancement that makes it facially plausible. *See Iqbal*, 556 U.S. at 678. Indeed, there are no factual allegations that there was ever any agreement between Officer Hamilton and Sgt Petrie to act in concert to inflict an unconstitutional injury to the Plaintiff. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002). The AC also fails to allege that there was ever a "meeting of the minds" between these two individuals to enter into any such conspiracy. *See Bertuglia v. City of New York*, 839 F. Supp. 2d 703, 728 (S.D.N.Y. 2012). Additionally, Plaintiff also has not alleged any factual allegations regarding the

time or place, that any conspiracy meeting or agreement was entered into between Officer Hamilton and Sgt Petrie.

In any event, this claim fails because it is barred under the intracorporate conspiracy doctrine, which holds that "the officers, agents, and employees of a single corporate entity, each acting within the scope of [his or] her employment, are legally incapable of conspiring together." *Little v. City of New York*, 487 F. Supp. 2d 426, 441-42 (S.D.N.Y. 2007). Here both Officer Hamilton and Sgt Petrie were both employees of DOCCS, at the time the purported conspiracy took place, and as such, this claim is barred by the intracorporate conspiracy doctrine. *Id.*

Accordingly, Plaintiff has failed to allege the personal involvement of Officer Hamilton and he should be dismissed from this matter.

## D. Plaintiff Has Failed to Allege the Personal Involvement of Officers Makel, Ortiz, and Small.

Plaintiff's claim that Officers Makel, Ortiz, and Small purportedly lost and/or destroyed unspecified legal papers, including unspecified "pre-trial/trial transcripts", *AC pg 12*, fails to establish the personal involvement of these individuals because it is conclusory and devoid of any factual allegations that make this claim facially plausible. Moreover, this claim relies upon impermissible "group pleadings", which also fails to establish personal involvement, because it merely lumps Officers Makel, Ortiz, and Small together without providing any specific details as to what each individual defendant did that purportedly violated Plaintiff's Constitutional rights. *Amiron Dev. Corp.*, 2013 WL 1332725, at *5; *see also Myers*, 326 F.R.D. at 60 (S.D.N.Y. 2018).

In any event, this claim fails to establish the personal involvement of Officers Makel, Ortiz, and Small because allegations regarding the destruction of property do not implicate the Constitution. *See Davis v. New York*, 311 Fed. App'x. 397, 399 (2d Cir. 2009) ("The property loss alleged by [the plaintiff inmate]—whether intentional or negligent—will not support a due process

claim redressable under § 1983…[because] New York in fact affords an adequate post-deprivation remedy in the form of, *inter alia*, a Court of Claims action.") (quoting *Hudson v. Palmer*, 486 U.S. 517, 533 (1984)). Therefore, and even assuming the truth of Plaintiff's allegations that any of his unspecified legal papers were lost and/or destroyed, there was an adequate post-deprivation remedy available to the Plaintiff before the New York State Court of Claims. *Davis,* 311 Fed. App'x. at 399.

Accordingly, Plaintiff has failed to allege the personal involvement of Officers Makel, Ortiz, and Small and these individuals should be dismissed from this matter.

**POINT II**

**PLAINTIFF FAILS TO ALLEGE ANY CLAIM AGAINST OFFICER ALLEN OR SGT PETRIE**

Plaintiff claims that Officer Allen and Sgt Petrie should be held liable because they used excessive force, conspired with one another, and purportedly retaliated against the Plaintiff. As discussed below, Plaintiff has failed to allege any of these causes of action. Accordingly, these claims should be dismissed.

**A.  Plaintiff Has Failed to Allege Any Eighth Amendment Violation.**

A claim of cruel and unusual punishment in violation of the Eighth Amendment has two components: one subjective, focusing on the defendant's motive for his conduct, and the other objective, focusing on the conduct's effect. *See Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009). The subjective component requires a showing that the defendant "had the necessary level of culpability, show[n] by actions characterized by 'wantonness' in light of the particular circumstances surrounding the challenged conduct." *Id*. (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). When prison officials are accused of using excessive force, the "wantonness" issue turns on whether "force applied was applied in a good-faith effort to maintain or restore discipline,

or maliciously and sadistically to cause harm." *Id.* The objective component of a claim of cruel and unusual punishment focuses on the harm done, in light of "contemporary standards of decency." *Id*. In assessing this component, the alleged wrongdoing must be objectively harmful enough to establish a constitutional violation. *Id*.

Here, Plaintiff has failed to allege any Eighth Amendment violation occurred in this matter because Plaintiff merely cites the words "cruel and unusual punishment" and "excessive force", *see AC pg 8-9*, but provides no non-conclusory allegations that establish either claim. In fact, there are no non-conclusory allegations regarding what specific drugs Plaintiff was forced to sell, the quantity of the unspecified drugs he sold, how he received the unspecified drugs, who he sold the unspecified drugs to, how often such transcreations took place, or even how often he purportedly sent payments to the Bitcoin account. *See Id. generally*. Moreover, there are also no non-conclusory allegations alleged that establish either Officer Allen or Sgt Petrie processed the requisite subjective intent to violate Plaintiff's Eighth Amendment rights. *See Wright*, 554 F.3d at 268.

To the extent Plaintiff was attempting to allege an Eighth Amendment violation occurred because Officer Allen and Sgt Petrie threatened him, the AC fail to establish such claim occurred because words alone do not violate the Constitution. *See Cotz v. Mastroeni*, 476 F. Supp. 2d 332, 372 (S.D.N.Y. 2007) (collecting cases). Additionally, there are also no allegations that either individual ever came into physical contact with the Plaintiff or that any of the purported threats made by Officer Allen or Sgt Petrie created "a condition of urgency, [ ] that may produce death, degeneration, or extreme pain..." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)).

Simply put, Plaintiff's Eighth Amendment claims rest upon a serious of conclusory allegations "devoid of further factual enhancement" that cannot survive this motion. *See Iqbal*,

556 U.S. at 678. Accordingly, Plaintiff has failed to allege any Eighth Amendment violation against Officer Allen and Sgt Petrie.

**B.  Plaintiff has Failed to allege Any Conspiracy or Retaliation Claim Against Officer Allen or Sgt Petrie.**

Plaintiff also claims that Officer Allen and Sgt Petrie conspired and retaliated against him in violation of his unspecified Constitutional rights. Such claims, however, should be dismissed because Plaintiff has failed to allege any non-conclusory allegations that make either claim facially plausible.

As alluded to above, in order to survive a motion to dismiss on a § 1983 conspiracy claim, a plaintiff must allege (1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages. *Ciambriello*, 292 F.3d at 324-25 (citation omitted). "It is well settled that claims of conspiracy containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (internal quotation marks and citation omitted). Therefore, in order to establish a conspiracy claim, a plaintiff "must allege, with at least some degree of particularity, overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy." *K.D. v. White Plains Sch. Dist.*, 921 F. Supp. 2d 197, 209 (S.D.N.Y. 2013) (quoting *Thomas v. Roach*, 165 F.3d 137, 147 (2d Cir. 1999)) (internal quotation marks omitted).

Here, Plaintiff's conspiracy claims fail because they are barred by the intracorporate conspiracy doctrine as both Officer Allen and Sgt Petrie were employees of DOCCS at the time the purported conspiracy took place. *See Richard v. Fischer*, 38 F.Supp.3d 340, 353 (W.D.N.Y. 2014) (holding "[t]he intracorporate conspiracy doctrine 'bars conspiracy claims against

employees of entities such as [DOCCS] (when those employees are alleged to have conspired solely with each other). . . .'") (quoting *Graham v. Peters*, No. 13-CV-705 (JTC), 2013 WL 5924727, at *5 (W.D.N.Y. Oct. 31, 2013)). The claims also fails because Plaintiff has not alleged that there was ever any agreement between Officer Allen or Sgt Petrie to act in concert to inflict an unconstitutional injury to the Plaintiff. *Ciambriello*, 292 F.3d at 325. Moreover, there are no allegations which establish that there was ever a "meeting of the minds" between Officer Hamilton or Sgt Petrie to enter into any conspiracy, *Bertuglia*, 839 F. Supp. 2d at 728, nor are there are any factual allegations regarding the time or place, that any conspiracy meeting or agreement was entered into.

To the extent Plaintiff is also claiming that Officer Allen and Sgt Petrie conspired together resulting in Sgt Petrie issuing a purportedly false misbehavior report, such claim should be dismissed outright against Officer Allen because Officer Allen is not accused of having issued the misbehavior report nor is he alleged to have placed the Plaintiff in SHU or otherwise participated in Plaintiff's disciplinary hearing following the issuance of the misbehavior report.

To the extent Plaintiff intended that allegation be directed against Sgt Petrie only, it should still be dismissed because the Plaintiff has "no general constitutional right to be free from being falsely accused" by way of misbehavior reports, *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997), and the AC does not contain any allegations that plausibly infer that Plaintiff was disciplined without adequate due process. *See generally Willey v. Kirkpatrick*, 801 F.3d 51, 63 (2d Cir. 2015) (holding there are two exceptions to the general rule that false misbehavior reports do not violate the Constitution: (1) where an incarcerated individual "was disciplined without adequate due process" as a result of the accusations; and (2) where the accusations were made "in retaliation for exercising a constitutionally protected right.") (quotation marks and citations

13

omitted). While Plaintiff does label his third cause of action as "[r]etaliation", he has failed to allege a facially plausible retaliation claim in this matter.

"To state an actionable claim for retaliation under the First Amendment, a[n incarcerated individual] must establish by a preponderance of the evidence that (1) the speech or conduct at issue was protected; (2) the defendant took adverse action against the plaintiff; and (3) there was a causal connection between the protected speech and the adverse action." *Wallace v. Fisher*, No. 9:13-CV-1208, 2015 WL 64533 at *5 (N.D.N.Y. Jan. 5, 2015) (citing *Gill v. Pidlypchak*, 389 F.3d 379, 380 (2d Cir. 2004)). "Courts must view retaliation claims with care and skepticism to avoid judicial intrusion into matters of prison administration. Therefore, conclusory allegations alone are insufficient." *Wallace*, 2015 WL 64533 at *5 (citing *Jackson v. Onondaga Cnty.*, 549 F.Supp.2d 204, 214-15 (N.D.N.Y. 2008)); *see also Dorsey v. Fisher*, 468 F. App'x 25, 27 (2d Cir. 2012) (holding same); *see further Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (holding retaliation claims must "be supported by specific and detailed factual allegations, not stated in wholly conclusory terms.") (citations omitted).

In this matter, the AC merely cites the word "retaliation" but fails to provide any non-conclusory allegations that make this claim facially plausible. Moreover, the AC also lacks a clear legal theory as well as any allegations that establish what protected speech Plaintiff was engaged in and any causal connection between that protected speech and the purportedly adverse actions taken by either Officer Allen or Sgt Petrie. As such, Plaintiff has failed to establish any retaliation claim in this matter. Since Plaintiff has failed to establish any retaliation claim or that he was disciplined without adequate due process, he has also failed to establish either exception to the general rule that incarcerated individuals have no right to be free from false accusations, *Boddie*, 105 F.3d at 862, and this claim should be dismissed.

Accordingly, Plaintiff has failed to allege any conspiracy or retaliation claim against Officer Allen or Sgt Petrie.

**C.  Plaintiff has Failed to allege Any Other Claim Against Officer Allen or Sgt Petrie.**

Although unclear from the AC, to the extent Plaintiff is also alleging that his rights were violated because he was removed from general population or placed into SHU, such claims must be dismissed because Plaintiff has no right to remain in general population. *See Tellier v. Fields*, 280 F.3d 69, 82 (2d Cir. 2000) (holding no liberty interest violated when inmate removed from general population). Additionally, the AC also does not allege any allegations regarding Plaintiff's SHU confinement that could plausibly infer that any of his rights were violated because Plaintiff has failed to allege any allegations regarding his purported confinement. *See generally Genier v. Vanarnum*, No. 13-CV-1460, 2016 WL 4507456, at *6 (N.D.N.Y. June 20, 2016) (Peebles, M.J.) (holding "[s]everal other courts, when similarly faced with the absence of any record evidence showing an atypical and significant hardship resulting from SHU confinement of between 101 and 305 days, have declined to find the existence of a liberty interest.") (citing cases).

Further, and to the extent Plaintiff was attempting to claim that his rights were violated because Officer Allen and Sgt Petrie, or any defendant for that matter, failed to follow DOCCS policies and/or procedures, such claims must be dismissed because they are not actionable under § 1983. *See Rasheen v. Adner*, 356 F.Supp.3d 222, 236 (N.D.N.Y. 2019).

Finally, and to the extent Plaintiff is alleging that Officer Allen and Sgt Petrie attempted to cover-up their alleged actions, such claims should also be dismissed because "there is no constitutional right to be free from the cover-up of a past constitutional violation", *Lewis v. Havernack*, No. 12 Civ. 31, 2013 WL 1294606, at *12 (N.D.N.Y. Mar. 28, 2013), *report and recommendation adopted*, 2013 WL 1294592 (N.D.N.Y. Mar. 28, 2013).

Accordingly, Plaintiff has failed to allege any claim against Officer Allen and Sgt Petrie and these two should be dismissed from this matter.

## POINT III

## DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

Two separate questions are presented in deciding whether qualified immunity applies. First, it must be determined whether the plaintiff's factual allegations, accepted as true, are sufficient to show that the defendants have violated a clearly established federally protected right of the plaintiff. If they do not, the defendants are entitled to qualified immunity. *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009) (*overruling in part Saucier v. Katz*, 533 U.S. 194 (2001)); *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998). Second, even if the factual allegations show the violation of a federal right, the defendants are still entitled to qualified immunity if it would not have been clear, to a reasonable official, that the actions the defendants are alleged to have taken violated plaintiff's clearly-established rights. *Pearson*, 555 U.S. at 231-32.

Here, the Defendants are entitled to qualified immunity because Plaintiff cannot "establish a constitutional violation, [and as such] the qualified immunity inquiry ends and the plaintiff may not recover." *Cowan v. Breen*, 352 F.3d 756, 761 (2d Cir. 2003) (citing *Saucier*, 533 U.S. at 201)*; see also Terranova v. N.Y. State Dep't of Corrs. & Comm. Supervision*, 268 F. Supp. 3d 453, 457 (W.D.N.Y. Aug. 3, 2017) (dismissing plaintiff's claims because they were "at best, conclusory and fail[ed] to raise the specter of relief beyond the speculative level").

Former Superintendent Morton, former Deputy Superintendent Burnett, Lt Calvitti, and Officers Hamilton, Makel, Ortiz, and Small are also entitled to qualified immunity because there are no allegations that establish their individual personal involvements in any constitutional violation. *See Spavone v. DOCCS,* 719 F.3d 127 (2d Cir 2013). Instead, former Superintendent

Morton and former Deputy Superintendent Burnett are merely named in this matter because they held a position of authority, while the Lt Calvitti and Officers Hamilton, Makel, Ortiz, and Small are only named because of their purportedly brief interactions with the Plaintiff.

Officer Allen and Sgt Petrie are entitled to qualified immunity because there are no non-conclusory allegations which establish that either of these individuals violated Plaintiff's clearly established rights or that either disregarded a known risk to Plaintiff's safety regarding his purported Keeplock or SHU confinements.

Accordingly, the Defendants are entitled to qualified immunity and should be dismissed.

## CONCLUSION

For the reasons set forth above, the Defendants respectfully request that the Court dismiss this action in its entirety with prejudice.

Dated: White Plains, New York                    Respectfully submitted,

November 22, 2021                                LETITIA JAMES
                                                Attorney General
                                                State of New York
                                                *Attorney for Defendants*
                                                By:

                                                *S/ John R. Doran*
                                                John R. Doran
                                                Assistant Attorneys General
                                                28 Liberty Street
                                                New York, New York 10005
                                                (212) 416-8591
                                                John.Doran@ag.ny.gov

17