UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
CHAD S. JOHNSON,
     Plaintiff,

v.

SERGEANT S. PETRIE,
     Defendant.
--------------------------------------------------------------x

**ORDER GRANTING REQUEST FOR PRO BONO COUNSEL**

21 CV 986 (VB)

Copies Mailed/Faxed
Chambers of Vincent L. Briccetti

Briccetti, J.:

  At a telephone conference held on the record today, plaintiff made an oral request for the appointment of pro bono counsel. For the reasons set forth below, plaintiff's request is GRANTED. The Court directs that the Clerk of Court seek pro bono counsel to enter a limited appearance for the purpose of representing plaintiff in an evidentiary hearing concerning his exhaustion of administrative remedies. Counsel will file a Notice of Appearance as Pro Bono Counsel.

## LEGAL STANDARD

  The in forma pauperis statute provides the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant. Id. Even if a court does believe a litigant should have a free lawyer, under the in forma pauperis statute, a court has no authority to "appoint" counsel, but instead may only "request" that an attorney volunteer to represent a litigant. Mallard v. U.S. Dist. Ct., 490 U.S. 296, 301–10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of pro bono counsel sparingly, and with reference to public benefit, in order to preserve the

1

"precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. Cooper v. A. Sargenti Co., 877 F.2d 170, 172–73 (2d Cir. 1989).

In Hodge v. Police Officers, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for pro bono counsel. 802 F.2d at 61–62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed in forma pauperis. The Court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." Id. at 60–61. If these requirements are met, the Court must then consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Id.; see also Cooper A. v. Sargenti Co., 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel).

In considering these factors, district courts should neither apply bright-line rules nor automatically deny a request for counsel until the application has survived a dispositive motion. See Hendricks v. Coughlin, 114 F.3d 390, 392–93 (2d Cir. 1997). Rather, each application must be decided on its own facts. See Hodge v. Police Officers, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a request to proceed in forma pauperis, which the Court granted. (Doc. #10). Plaintiff therefore qualifies as indigent.

Plaintiff's remaining cause of action is a claim under 42 U.S.C. § 1983 against defendant Petrie for First Amendment retaliation. According to plaintiff, while he was incarcerated at Downstate Correctional Facility, Petrie forced him to sell illicit drugs to fellow inmates and

2

remit the proceeds to Petrie in Bitcoin. Plaintiff alleges he eventually told Petrie he would no longer sell drugs in the facility, and Petrie retaliated by filing a false misbehavior report and placing plaintiff in a segregated housing unit.

The Court previously dismissed plaintiff's other claims (Docs. ##45, 80), but it concludes plaintiff's surviving claim for retaliation is "likely to be of substance." Hodge v. Police Officers, 802 F.2d at 61–62.

The Court also finds the other Hodge factors weigh in favor of granting plaintiff's application.

Defendants moved for summary judgment on the grounds plaintiff had not exhausted available administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e. The Court concluded plaintiff had raised a genuine issue of material fact as to whether he should be excused from failing to exhaust with respect to his retaliation claim against defendant Petrie. Accordingly, the Court must hold an exhaustion hearing pursuant to Messa v. Goord, 652 F.3d 305 (2d Cir. 2011).

At the hearing, the credibility of witness accounts will be a central issue of fact that implicates the need for effective cross-examination. Moreover, plaintiff is currently incarcerated, which creates additional obstacles to his effective preparation for the proceedings. Accordingly, in this case, plaintiff's representation by counsel in connection with the evidentiary hearing will "lead to a quicker and more just result by sharpening the issues and shaping examination." See Hodge v. Police Officers, 802 F.2d at 61.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of plaintiff's case. The Pro Bono Fund is

especially intended for attorneys for whom <u>pro</u> <u>bono</u> service is a financial hardship. <u>See</u> http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

<u>Pro</u> <u>bono</u> counsel will not be obligated for any aspect of plaintiff's representation beyond the matters described in this Order, unless, at the Court's request, <u>pro</u> <u>bono</u> counsel agrees to continued representation thereafter. Upon the filing by <u>pro</u> <u>bono</u> counsel of a Notice of Completion, the representation by <u>pro</u> <u>bono</u> counsel of plaintiff in this matter will terminate, and <u>pro</u> <u>bono</u> counsel will have no further obligations or responsibilities to plaintiff or to the Court in this matter.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to attempt to locate <u>pro</u> <u>bono</u> counsel to represent plaintiff for the purposes described above. The Court advises plaintiff there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent plaintiff. If any attorney volunteers, the attorney will contact plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case without an attorney.

The next case management conference in this matter is scheduled for June 18, 2024, at 9:30 a.m. If <u>pro</u> <u>bono</u> counsel has filed an appearance by that date, all counsel shall attend the conference in person at the White Plains courthouse, Courtroom 620. If <u>pro</u> <u>bono</u> counsel has not filed a notice of appearance by that date, the conference shall proceed by telephone.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal taken from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated: March 19, 2024
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge